**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4040**

───────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

RICHARD ANTHONY KAMINSKY,

                    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:11-cr-00162-CCE-1)

───────────

Submitted:  August 30, 2012        Decided:  September 13, 2012

───────────

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Sarah Boshears, Third Year Law Student, Winston-Salem, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Richard Anthony Kaminsky of two counts of making a false statement on a firearms transaction record, in violation of 18 U.S.C. § 922(a)(6) (2006) (Counts One and Two), and one count of possession of a firearm by a prohibited person, 18 U.S.C. § 922(g)(4) (2006) (Count Three). The district court sentenced Kaminsky to twenty-eight months' imprisonment, and he appeals. Finding no error, we affirm.

Kaminsky alleges that the district court's admission of certain evidence relating to his mental health, finances, and prior litigation violated Federal Rules of Evidence 403 and 404(b). We review the admission of evidence for abuse of discretion. United States v. Forrest, 429 F.3d 73, 79 (4th Cir. 2005).

Under Federal Rule of Evidence 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show" that his actions on a particular occasion conformed to that character. Fed. R. Evid. 404(b)(1). Such evidence "may be admissible for another purpose, such as proving . . . intent, . . . knowledge, identity, absence of mistake, or lack of accident." Rule 404(b)(2). Further, "[t]o be admissible under Rule 404(b), evidence must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." United States v. Siegel, 536

2

F.3d 306, 317 (4th Cir. 2008) (internal quotation marks omitted). "Rule 404(b) is . . . an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Young, 248 F.3d 260, 271-72 (4th Cir. 2001) (internal quotation marks omitted).

Evidence sought to be admitted under Rule 404(b) must also satisfy Federal Rule of Evidence 403, Siegel, 536 F.3d at 319, so that its probative value is not substantially outweighed by its prejudicial value. United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). Under Rule 403, "damage to a defendant's case is not a basis for excluding probative evidence" because "[e]vidence that is highly probative invariably will be prejudicial to the defense." United States v. Grimmond, 137 F.3d 823, 833 (4th Cir. 1998). Rule 403 requires exclusion of evidence only where the trial judge perceives "a genuine risk that the emotions of the jury will be excited to irrational behavior" disproportionate to the value of the proffered evidence. United States v. Mohr, 318 F.3d 613, 618 (4th Cir. 2003) (internal quotation marks omitted).

We have reviewed the record and conclude that the district court did not abuse its discretion in admitting the challenged evidence pursuant to Rules 403 and 404(b). This evidence was relevant and reliable, and bore little or no risk

of exciting the jury to irrational behavior. Therefore, this claim fails.

Kaminsky next challenges the sufficiency of the evidence supporting his convictions on Counts One and Two. We review a challenge to the sufficiency of evidence de novo. United States v. Roe, 606 F.3d 180, 186 (4th Cir. 2010). We are obliged to sustain a guilty verdict that is supported by substantial evidence, viewing the evidence in the light most favorable to the Government. United States v. Osborne, 514 F.3d 377, 385 (4th Cir. 2008). Substantial evidence is such evidence that a reasonable fact-finder could accept as adequate to support a finding of guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

A defendant bringing a sufficiency challenge bears a "heavy burden." United States v. Young, 609 F.3d 348, 355 (4th Cir. 2010). In evaluating evidentiary sufficiency, we do not review the credibility of witnesses, and we assume the jury resolved all contradictions in the testimony in the Government's favor. United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007). Section 922(g) prohibits one who "has been committed to a mental institution" from possessing a firearm. 18 U.S.C. § 922(g)(4). We have reviewed the record and conclude that the evidence was sufficient to support each element of Kaminsky's convictions.

4

Finally, Kaminsky asserts that his conviction for violating § 922(g)(4) exceeded Congress's authority under the Commerce Clause because the firearms at issue in his case lacked a sufficient nexus with interstate commerce. Although Kaminsky concedes that this argument is foreclosed by our holding in United States v. Gallimore, 247 F.3d 134 (4th Cir. 2001), he questions Gallimore's validity in light of the United States Supreme Court's holdings in United States v. Morrison, 529 U.S. 598 (2000), Jones v. United States, 529 U.S. 848 (2000), and United State v. Lopez, 514 U.S. 549 (1995).

We decided Gallimore in the wake of Jones, Lopez, and Morrison. Moreover, one panel of this court may not overrule the precedent set by a prior panel. United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010). Thus, this claim lacks merit.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument will not aid the decisional process.

AFFIRMED

5